



**FILED**
**Sep 03, 2019**
**01:01 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Anthony Hayes | ) | Docket No. 2018-08-1204 |
| | ) | |
| v. | ) | State File No. 56539-2018 |
| | ) | |
| Elmington Property Management, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee asserts the trial court erred in denying his request for temporary disability benefits. In response, the employer asserts that the employee's appeal should be dismissed, that the appeal is frivolous, and that the employee should be required to pay the employer's attorneys' fees and costs. We decline to dismiss the appeal, affirm the trial court's order, find the employee's appeal frivolous, and deny the employer's request for attorneys' fees and costs.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Anthony Hayes, Memphis, Tennessee, employee-appellant, pro se

Stephen P. Miller, Memphis, Tennessee, for the employer-appellee, Elmington Property Management

### Memorandum Opinion[1]

Anthony Hayes ("Employee"), a resident of Shelby County, Tennessee, suffered a work-related fall on July 27, 2018, while working for Elmington Property Management ("Employer"). He alleged injuries to his left knee, left arm, right hand, and head. Employee's claim for workers' compensation benefits was accepted as compensable, and

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

1

he received authorized medical care from Dr. David Deneka, an orthopedic specialist. On September 17, 2018, Dr. Deneka reported that Employee had reached maximum medical improvement and would retain no permanent medical impairment associated with his injuries.

Thereafter, Employee complained he had not received medical treatment for the neck and back symptoms he related to the fall at work. He filed a petition seeking additional medical benefits. In addition, because he had been terminated, Employee sought temporary disability benefits. Following an expedited hearing, the trial court concluded Employee had offered credible testimony regarding his need for additional medical treatment for injuries related to the fall. However, the trial court determined Employee did not present sufficient evidence that would indicate he is likely to prevail at trial in proving entitlement to temporary disability benefits. As a result, the trial court ordered Employer to schedule an appointment with Dr. Deneka but denied Employee's request for temporary disability benefits. Employee has appealed. Following the filing of Employee's notice of appeal, Employer filed a brief that included: (1) a request to dismiss Employee's appeal; (2) a request to deem Employee's appeal frivolous; and (3) a request for an award of attorneys' fees and costs.

First, Employer argues that Employee's failure to file a transcript of the expedited hearing, a joint statement of the evidence, or a brief supports a dismissal of Employee's appeal. We previously addressed this issue in *Navyac v. Universal Health Services*, No. 2015-06-0677, 2016 TN Wrk. Comp. App. Bd. LEXIS 17, at *5 (Tenn. Workers' Comp. App. Bd. Mar. 31, 2016), where we explained that the filing of a transcript or a statement of the evidence is permissive, not mandatory. We further explained that while our ability to conduct meaningful appellate review is hindered by such circumstances, that does not justify a dismissal of the appeal. *Id.* at *7. We therefore deny Employer's request to dismiss the appeal.

Second, in his notice of appeal, Employee complained that he had been "denied health benefits and temporary disability benefits although injured and cannot work." Yet, the trial court ordered Employer to provide additional medical benefits, so Employee has already been granted the relief he seeks with respect to medical treatment. Moreover, Employee has not offered any argument on appeal as to how the trial court allegedly erred in its decision to deny the request for temporary disability benefits. As we noted above, Employee has not filed a transcript of the expedited hearing and has not filed a brief on appeal. We must therefore presume the trial court's factual findings are supported by the record. *Hale v. Prime Pkg. & Label*, No. 2015-06-0150, 2015 TN Wrk. Comp. App. Bd. LEXIS 22, at *13 (Tenn. Workers' Comp. App. Bd. July 16, 2015).

As we have stated previously, it is not our role to search the record for possible errors or to formulate Employee's legal arguments in favor of his position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn.

2

Workers' Comp. App. Bd. Jan. 15, 2019).  Accordingly, in the absence of any meaningful argument from Employee as to how the trial court allegedly erred in its decision to deny temporary disability benefits, we affirm the trial court's order.

Finally, we find Employee's appeal to be frivolous because it had "no reasonable chance of succeeding."  *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015) (citation omitted). However, we exercise our discretion on this occasion not to award attorneys' fees or other expenses for the frivolous appeal.  *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018).

The trial court's order is affirmed in all respects, and the case is remanded.  Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Anthony Hayes | ) | Docket No.  2018-08-1204 |
| | ) | |
| v. | ) | State File No.  56539-2018 |
| | ) | |
| Elmington Property Management, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of September, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Anthony Hayes | X | | | | General Post Office 555 South 3rd Street Memphis, TN 38101-9998 |
| Stephen P. Miller Matthew R. Macaw | | | | X | smiller@mckuhn.com mmacaw@mckuhn.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth  M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov